Dear Chief English:
You advise this office that you are the full-time appointed chief of police for the Village of McNary. You have recently been elected Mayor for the Town of Glenmora, and will take office January 1, 2011. At that time, you also anticipate being re-appointed as the full-time chief of police for the Village of McNary.
This office recently responded to Alderman Billy E. Billings of the Village of McNary, who asked this office to advise if the full-time appointed chief of police for the Village of McNary could at the same time hold the elective office of Mayor for the Town of Glenmora. Citing the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., this office advised that that these two positions may not be held at the same time. In La. Atty. Gen. Op. 10-0252, released December 6, 2010, this office stated the following:
. . . under the foregoing discussed dual officeholding definitions, the Mayor of Glenmora holds elective office in a political subdivision of the state while the chief of police of the Village of McNary holds full-time appointive office. The simultaneous holding of these positions is prohibited by La.R.S. 42:63(D), which provides that "no person holding an elective office in a political subdivision of this state shall at the same time hold another . . . full-time appointive office . . . in the government of a political subdivision thereof."
[Emphasis added]. *Page 2 
It remains the opinion of this office that a violation of La.R.S.42:63(D) would occur in the event you serve as the chief of police for the Village of McNary on a full-time basis, and at the same time hold elective office as Mayor of the Town of Glenmora. The conclusions of this office as set forth in Opinion 10-0252 are therefore herewith affirmed, notwithstanding the arguments presented in your letter which are contrary to those conclusions.
We point out here that La.R.S. 42:63(D) prohibits the holding of local elective office and full-time appointive office, but does not prohibit the holding of local elective office and part-time appointive office. Thus, it is the opinion of this office that La.R.S. 42:63(D) would not prohibit you from holding the position of appointed chief of police on apart-time basis[1] while also holding elective office as mayor.
However, as this office observed in Opinion 10-0252, the chief of police of the Village of McNary is subject to other restrictions provided by state law and Village ordinance.[2] The provisions of La.R.S.33:381(20)(a), (b), and (c) are specific to the Village of McNary. Therein, your duties as the appointed chief of police for the Village of McNary "shall be established by ordinance."[3] This statute goes on to provide that, in the Village of McNary, "the mayor shall supervise and direct the administration of the office of the chief of police in accordance with such ordinances, and the chief of police shall reportdirectly to the mayor."[4] In light of the foregoing state law, it is the opinion of this office that your full-time service to the Village of McNary as chief of police could be required by ordinance, or could be required by the Mayor of the Village of McNary, the municipal officer authorized to set a specific work schedule for you as chief of police.[5]
Addressing a particular concern raised in your letter to this office, we point out that the issuance of Opinion 10-0252 on December 6, 2010 (issued after your election to the office of Mayor of Glenmora) is the legal opinion of this office, and is not an ex post facto law under La.Const. Art. 1 § 23. Rather, La.R.S. 42:63(D), *Page 3 
the statute which prohibits the holding of elective office and full-time appointive office, was enacted by the legislature in 1979. See Act 700 § 1 of the 1979 Louisiana Regular Legislative Session.
In summary, it is the opinion of this office that La.R.S. 42:63(D) prohibits you from serving as the full-time appointed chief of police of the Village of McNary and at the same time holding elective office as Mayor of the Town of Glenmora. La.R.S. 42:63(D) does not prohibit the holding of these positions if you serve as chief of police on a part-time basis. However, whether or not you can serve on a part-time basis as chief of police for the Village of McNary is a decision within the authority and discretion of the Mayor and the Board of Aldermen of the Village of McNary. See La. Atty. Gen. Op. 10-0036.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENBRAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:63(4) and (5) provide:
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
[2] La. Atty. Gen. Op. 10-0252, fn 3.
[3] La.R.S. 33:381 (20)(b).
[4] Id.
[5] See La. Atty. Gen. Op. 10-0036, recognizing that "the mayor may set the work schedules of the police department personnel, and can mandate aspecific work schedule for the chief who is mandated to report directly tothe mayor . . ."